## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1387** (Mingo County 11-F-93)

**Shane Donovan Waller,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Shane Waller, by counsel Kathryn Cisco-Sturgell, appeals from the Circuit Court of Mingo County's order entered on October 9, 2012, wherein he was sentenced to a term of incarceration of thirty years following his conviction for first degree robbery. The State of West Virginia, by counsel Benjamin Yancey III, filed a summary response. On appeal, petitioner alleges that there was insufficient evidence to convict him of first degree robbery.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 16, 2011, the "Marrowbone Junction" convenience store was robbed of $563 by a masked individual holding a large knife. Following an investigation by the Mingo County Sheriff's Department, petitioner was indicted on one count of first degree robbery. At trial, the State introduced video surveillance of the robbery. The video evidence showed a masked individual, wearing gloves and a dark hoodie and holding a large knife while robbing the store. The State also introduced testimony that prior to the robbery, petitioner stated his intent to rob the store. The same witness also testified that she witnessed petitioner wearing a dark hoodie and in possession of a large knife, which were similar to those of the individual on the surveillance tape. She also witnessed petitioner put on gloves and a mask prior to entering the store and witnessed petitioner running from the store in the same clothes shortly after he entered the store. The State produced another witness who testified he saw a big knife in petitioner's car that was parked a hundred feet from the store, which was similar to the knife captured on the video surveillance. Petitioner did not present any witnesses in his defense.

The jury found petitioner guilty of first degree robbery. On January 11, 2012, the circuit court sentenced petitioner to a definite term of incarceration of thirty years. On October 9, 2012,

1

the circuit court denied petitioner's motion to appoint new counsel and granted his motion to resentence him for the purposes of appeal.

On appeal, petitioner alleges the State failed to prove its case beyond a reasonable doubt. Petitioner alleges that the facts establish a premeditated conspiracy to frame petitioner.

This Court has held that:

"'A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt.' Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.' Syl. Pt. 3, in part, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 2, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 9, *State v. Stone,* 229 W.Va. 271, 728 S.E.2d 155 (2012). Upon our review, the Court finds that the evidence was sufficient to support petitioner's conviction of first degree robbery. The evidence established that petitioner admitted to intending to rob the "Marrowbone Junction" and was observed running from the store. Further, several witnesses identified the robber's clothing and knife on the store's video surveillance video as being similar to those possessed by petitioner on the day of the robbery. As such, the Court finds that the jury had sufficient evidence upon which to find petitioner guilty of first degree robbery. [1]

For the foregoing reasons, we affirm.

Affirmed.

---

[1]Even though the Court resolved this appeal on the merits, we caution counsel that we could have dismissed petitioner's appeal for failure to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Rule 10(c)(7) requires that petitioner's brief contain an argument exhibiting clearly the points of fact and law presented. That Rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.

**ISSUED**:  September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II